IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BERNICE B. GRIFFIN,
          Plaintiff,

v.                                                      Civil Action No. 3:16-cv-917-JAG

COMPASS GROUP USA, INC.
          Defendant.

## OPINION

The pro se plaintiff, Bernice B. Griffin, brings this breach of contract case against the defendant, Compass Group USA, Inc. ("Compass Group"). Griffin brings three breach of contract claims alleging entitlement to vacation and sick pay. Compass Group moved to dismiss Griffin's claims pursuant to Fed. R. Civ. P. 12(b)(6). The Court grants the motion to dismiss. Federal law preempts Griffin's state law breach of contract claim, and her failure to exhaust the grievance procedures as required by the Labor Management Relations Act (the "LMRA") bars her second claim. Griffin's third claim under 41 U.S.C. § 6503 does not apply to the employment contract in dispute, so it also fails.

## I. BACKGROUND

Griffin worked for Compass Group as a cashier from 1977 until 2015. In November 2015, Griffin underwent surgery for carpel tunnel in both hands. She remained absent from work until June 1, 2016, when she retired. A collectively-bargained Labor Agreement (the "CBA") between Compass Group and Griffin's union governed the terms of her employment. (Dk. No. 8-1.)[1] Griffin says Compass Group should have paid for her accumulated 45 vacation

---

[1] Griffin attached portions of the collective bargaining agreement to her complaint. Compass Group included the full agreement as an exhibit to their motion to dismiss. The Court considers these documents. *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("We may

days and 55 sick days. In response, Compass Group says she should have brought her claim under the CBA's mandatory grievance procedure—a four-step process culminating in binding arbitration if necessary. Griffin does not claim to have followed this procedure in her complaint, and she ultimately concedes that she did not do so in her opposition to the motion to dismiss.

## II. STANDARD

The Federal Rules of Civil Procedure require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In cases where the plaintiff appears pro se, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle of liberal construction, however, has its limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or to conjure up issues on the plaintiff's behalf. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *Beaudett*, 775 F.2d at 1276.

Compass Group has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). When considering the complaint itself, courts must accept all allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

2

Considering the facts in light of these principles, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)).

### III. DISCUSSION

Griffin brings three counts, all of which fail to survive the motion to dismiss. Count one, a breach of contract claim brought under state law, is preempted by the LMRA and thus fails. The second count, brought under § 301 of the LMRA, fails because Griffin does not plead exhaustion of the grievance procedures required by the CBA governing her employment. Count three, brought under 41 U.S.C. § 6503, concerns public contracts made with a United States agency and does not apply to this case.

#### A. *Federal pre-emption precludes Griffin's state law claim*

Griffin's state law breach of contract claim fails because it is preempted by § 301 of the LMRA. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must . . . be treated as a § 301 claim." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Further, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *McCormick v. AT&T Techs. Inc.*, 934 F.2d 531, 534 (4th Cir. 1991) (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1 (1983)). Griffin claims that Compass Group owes her for vacation and sick time under the terms of the CBA. Deciding the merits of this claim would require the Court to interpret the language of the CBA to determine her

3

eligibility. *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (finding state law claims preempted where the "only basis of the state-law claim . . . [was] that the company broke its contract to grant vacation pay of a certain amount"). Griffin's state law claim is therefore preempted, and Count one fails.[2]

### B. *The LMRA requires a good faith exhaustion of grievance procedures before bringing a claim*

Griffin's LMRA claim fails because she did not exhaust the grievance procedures required by the CBA. Before filing suit under § 301, an employee "must exhaust any exclusive grievance and arbitration" procedures contained within the governing CBA. *Clayton v. International Union*, 451 U.S. 679, 681 (1981). The complaint must allege facts to demonstrate the exhaustion of such remedies in order to survive a motion to dismiss. *Kelly v. Philip Morris, Inc.*, No. 1:02CV00959, 2003 WL 168425, at *3 (M.D.N.C. Jan. 22, 2003) ("Plaintiffs fail to allege any facts showing that they have exhausted or even sought the grievance and arbitration remedies provided in the collective bargaining agreement. As a result, Plaintiffs' . . . claims for relief will be dismissed.").

The complaint does not claim that Griffin tried to follow the grievance procedures as set out in the CBA. In fact, Griffin admits in her opposition to the motion to dismiss that she did not follow the procedures, claiming she could not have filed a grievance within five days of her retirement as required. (Pl.'s Opp'n. 1, Dk. No. 9) ("[T]here was no way that I could have started the grievance process by June 8th to be in compliance with the Labor Agreement."). A

---

[2] Griffin's state law claim would fail even if not preempted by federal law. Griffin brings her claim under Virginia Code § 59.1-507.1, which applies only to contracts for computer transactions and not to employment actions. *See* Va. Code Ann. § 59.1-501.3(d)(5) (2017) ("This chapter does not apply to a contract of employment of an individual, other than an individual hired as an independent contractor . . . .").

4

plaintiff must at least make a good faith effort to exhaust arbitration remedies, and Griffin admits that she did not even try to make a delayed grievance attempt. *See Hicks v. Transit Mgmt. of Asheville, Inc.*, No. 1:11cv94, 2012 WL 171366, at *4 (W.D.N.C. Jan. 20, 2012) ("Because [p]laintiff failed to undertake a good faith attempt to exhaust the grievance and arbitration remedies in the Agreement prior to bringing this suit, [p]laintiff's § 301 claim for breach of the Agreement is subject to dismissal."). Griffin's claim under Count two fails.

### C. *41 U.S.C. § 6503 does not apply*

Griffin's final claim under 41 U.S.C. § 6503 fails because the statute does not apply to the employment contract in dispute.[3] Section 6503 applies to contracts falling under 41 U.S.C. § 6502, made with a United States agency "for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6502.

Griffin's claims do not involve any government agency or concern the manufacturing of valuable goods. 41 U.S.C. § 6503 is therefore inapplicable, and Griffin's claim in Count three fails.

### IV. CONCLUSION

For the reasons set forth above, the Court grants the defendant's motion to dismiss. Griffin has already filed a particularized complaint pursuant to Court Order. Her complaint makes the salient facts clear, and shows that any attempt to amend her pleadings again would be futile. The Court, therefore, dismisses Griffin's particularized complaint with prejudice.

---

[3] Griffin's particularized complaint does not give a title number indicating which § 6503 of the United States Code she refers to. Only 41 U.S.C. § 6503 applies to breaches of contract, however, and Griffin's particularized complaint refers to § 6503 as "Breach or violation of required contract terms." The Court therefore treats her claims as arising under 41 U.S.C. § 6503.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff via U.S. mail.

Date: June 20, 2017
Richmond, VA

/s/ _____
John A. Gibney, Jr.
United States District Judge